IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DELOISE CROWELL,                    *

    Plaintiff,                     *

vs.                                 *
                                    CASE NO. 4:18-CV-63 (CDL)

THE MONEY TREE OF GEORGIA, INC.,    *

    Defendant.                     *

O R D E R

Presently pending before the Court is Plaintiff's motion for default judgment as to The Money Tree of Georgia, Inc. (ECF Nos. 26 & 31). As discussed below, the motion is granted.

Plaintiff presented evidence that her process server served the Summons and Amended Complaint on Linda Sanders "as Manager / Authorized Agent for The Money Tree of Georgia Inc. at the address of 39 E May St, Ste E, Winder, GA 30680" on November 27, 2018. Aff. of Service, ECF No. 19. The Court ordered Plaintiff to show cause why the agent she served with the Complaint is the appropriate agent for service. Text Order (Mar. 22, 2019), ECF No. 27. Plaintiff responded to the show cause order, asserting that The Money Tree of Georgia, Inc. was properly served under Federal Rule of Civil Procedure 4 and O.C.G.A. § 9-11-4 because Linda Sanders was a manager at The Money Tree of Georgia, Inc.'s Winder store location.

A corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(B); Fed. R. Civ. P. 4(e)(1). Under Georgia law, a Georgia corporation may be served by delivering the summons and complaint "to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof." O.C.G.A. § 9-11-4(e)(1)(A). "[T]he term 'managing agent' means a person employed by a corporation . . . who is at an office or facility in this state and who has managerial or supervisory authority for such corporation or foreign corporation[.]" O.C.G.A. § 9-11-4(e)(1)(B). And, an "agent authorized to receive service has been defined as one whose position is 'such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him.'" *Ogles v. Globe Oil Co., U.S.A.*, 320 S.E.2d 848, 849 (Ga. Ct. App. 1984) (quoting *Scott v. Atlanta Dairies Co-op.*, 238 S.E.2d 340, 343 (Ga. 1977)). The manager of a corporation's store who is responsible for the store's daily operations, "including supervision of other store employees and submission

of daily reports to corporate headquarters," is "a qualified agent upon whom to perfect service of process." *Id.*

Based on the present record, the Court finds that Plaintiff adequately served The Money Tree of Georgia, Inc. by delivering the summons and amended complaint to Linda Sanders. Accordingly, The Money Tree of Georgia, Inc. admitted the allegations in Plaintiff's Amended Complaint by its default. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . .'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). By its default, The Money Tree of Georgia, Inc. ("Money Tree") admitted the following allegations:

- Plaintiff had trade lines with Money Tree. Plaintiff filed for Chapter 7 bankruptcy, and those trade lines were discharged in bankruptcy in 2011. Am. Compl. ¶¶ 8-10, ECF No. 15.

- In August 2017, Plaintiff obtained her Equifax credit report and saw that Money Tree reported Plaintiff's trade lines on Plaintiff's Equifax credit report without indicating that the accounts were discharged in bankruptcy. *Id.* ¶¶ 7, 11.

- Plaintiff disputed the report with Equifax on November 28, 2017; she attached to her dispute the Order of Discharge, and she asked that the trade lines be reported as discharged in bankruptcy. *Id.* ¶¶ 12-13.

- Equifax forwarded Plaintiff's dispute to Money Tree *Id.* ¶ 14.

- Plaintiff obtained her Equifax credit report on January 15, 2018. The Money Tree trade lines were still reported without indicating that they had been discharged in bankruptcy. *Id.* ¶ 15.

- Even after Plaintiff disputed the report, Money Tree willfully failed to conduct a proper investigation of Plaintiff's dispute and willfully failed to direct Equifax to correct Plaintiff's credit report. *Id.* ¶¶ 25-26.

- Plaintiff suffered credit and emotional damages as a result of the Money Tree's failure to correct its report. *Id.* ¶ 16.

The Fair Credit Reporting Act requires a furnisher of credit information who receives a dispute regarding the accuracy of information it reported to a consumer reporting agency to investigate the issue. 15 U.S.C. § 1681s-2(b). And, if the disputed information is found to be inaccurate, then the furnisher must promptly modify that item of information. 15 U.S.C. § 1681s-2(b)(1). Based on Plaintiff's allegations, which Money Tree admitted by its default, Money Tree willfully failed to conduct a proper investigation of Plaintiff's dispute and willfully failed to direct Equifax to correct Plaintiff's credit report. Instead, Money Tree continued to report inaccurate information on Plaintiff's credit report even though a reasonable investigation into Plaintiff's dispute would have revealed that the information was inaccurate. The Court is satisfied that these admitted allegations establish a willful violation of the Act. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007) (finding that a willful violation of the Fair

Credit Reporting Act occurs when there is a knowing or reckless disregard of a requirement of the Act).

If a furnisher of credit information willfully fails to comply with the requirements of the Fair Credit Reporting Act, then the furnisher is liable to the consumer "in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000," plus "reasonable attorney's fees as determined by the Court." 15 U.S.C. § 1681n(a). In this case, Plaintiff originally sought actual damages caused by Money Tree's violation of the Act. The Court scheduled an evidentiary hearing to determine the amount of damages. Neither Plaintiff nor her attorney appeared for the hearing, and Plaintiff amended her motion to seek only $1,000.00 in statutory damages plus attorney's fees. The Court hereby awards Plaintiff $1,000.00 in statutory damages against Money Tree.

Plaintiff is also entitled to costs and reasonable attorney's fees. She requested costs of $480.00 and attorney's fees in the amount of $11,333.00. The Court reviewed counsel's declaration in support of the request for attorney's fees and the supporting billing records. Counsel's submission supports the requested costs of $480.00, and the Court hereby awards those costs to Plaintiff. With regard to attorney's fees, based on the Court's review, several of the time entries relate solely

to Plaintiff's settlement of her claims against Equifax. The Court finds that it would not be reasonable to include those fees, which add up to approximately $864.00, in the fee award against Money Tree. The Court finds that $10,469.00 is a reasonable attorney's fee and awards that amount to Plaintiff and against Money Tree.

In summary, the Court awards Plaintiff $1,000.00 in statutory damages, $480.00 in costs, and $10,469.00 in attorney's fees against Money Tree. The Clerk shall enter judgment in favor of Plaintiff and against Money Tree in accordance with this Order.

IT IS SO ORDERED, this 24th day of June, 2019.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA